LOTTINGER, Judge.
This is a suit by Alice M. Washington and Maryelia A. Washington, as plaintiffs, against Leonard King and Leona Guidry King, as defendants in solido, on a promissory note. The defendants filed an exception of prescription which was maintained by the Trial Court. The plaintiffs have appealed.
The evidence reflects that the promissory note, which was executed on June 27, 1963, was secured by a second mortgage on immovable property. The note represented the down payment for a home purchased by Marshall and Ethel Jones. The home was not purchased in their names and the note for the down payment and the balance of the purchase price was not executed in their names. Because of the inability of the Jones’ to secure credit, the defendants acted as nominal parties and as an accomo-dation to the Jones’ in the execution of the act of sale, the second mortgage note representing the down payment, and the first mortgage note representing the balance of the purchase price. The first mortgage note is not at issue in this lawsuit.
The second mortgage note was placed by plaintiffs with the City National Bank of Baton Rouge for collection. The bank was to accept payments on the note and deposit them to plaintiffs’ savings account.
Subsequent to the purchase of the here-inabove mentioned home defendants also purchased bedroom furniture from plaintiffs at a purchase price of $75.00. The plaintiffs testified that the payment of this $75.00 for the furniture was to be made at the collections department of the City National Bank of Baton Rouge in exactly the same manner as were made the payments on the second mortgage note. The second mortgage note provided for installments at the rate of $35.00 each month.
*113 The supervisor of the collections department at the bank testified that the department received six payments from defendants which were credited to the account of the plaintiffs as follows :
July 29, 1963 .$35.00
September 5, 1963 . 35.00
October 8, 1963 . 35.00
April 6, 1964 . 70.00
July 9, 1964 . 35.00
December 3, 1968 . 75.00
. Due to the delinquency in making payments on the note this suit was filed on July 25, 1969. The defendants filed an exception of prescription maintaining that the payment of December 3, 1968, was in payment of the furniture which the defendants purchased from plaintiffs and not on the note and that, therefore, the five year prescription period accrued prior to the filing of the suit. The Trial Court maintained the plea of prescription finding that the December 3, 1968, payment for $75.00 was for the furniture, and, therefore, the last payment on the mortgage was on July 9, 1964, more than five years prior to the filing of this suit.
The plaintiffs-appellants contend that the Trial Judge was in error in imputing the payment in question. It is specifically contended that the payment should have been imputed, as a matter of law, under the provisions of LSA-C.C. art. 2166, to the prior mortgaged indebtedness rather than to the sale price of certain movables sold thereafter.
It is argued by plaintiffs-appellants that the issue before this Court is controlled by LSA-C.C. arts. 2163-2166.[1] .It is argued that the defendant did not, as is provided by LSA-C.C. art. 2163, direct which debt the $75.00 payment of December 3, 1968, was intended to cover. Plaintiffs contend that since there was no receipt evidenced in this suit, LSA-C.C. art. 2166 must control, and since the secured mortgage note would be that debt which the debtors had the most interest in discharging, it necessarily follows that the December 3, 1968, payment of $75.00 must be imputed to the mortgage note.
The defendants argue that LSA-C.C. art. 2166 must be read in conjunction with art. 2165, and it is necessary that for imputation to take place, a receipt must be presented. Since no receipt has been presented into evidence, defendant argues that neither of these two articles are applicable.
Of the six payments above noted, all except the payment made on December 3, 1968, were either for $35.00 or a multiple thereof. The Trial Judge found that the $75.00 payment was for the furniture. Though his written reasons for judgment do not specifically state as such, we conclude that he found it the intention of the debtor when making the payment on December 3, 1968, that it be for the furniture. Since there was no other evidence presented to show otherwise, he held that the prescriptive plea was valid.
*114 The Trial Judge viewed the evidence and listened to all of the witnesses, and we find nothing in this record, nor anything in the argument presented by the plaintiffs-appellants that will lead us to conclude that the factual conclusions arrived at by the Trial Judge are not as reasonable as those to be arrived at by this Court. We, therefore, find that the Trial Judge has committed no error. Canter v. Koehring Company, La., 283 So.2d 716 (1973), reh. den. (1973).
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiffs-appellants.
AFFIRMED.

. LSA-C.C. art. 2163 provides :
“The debtor of several debts has a right to declare, when he makes a payment, what debt he means to discharge.”
LSA-C.C. art. 2164 provides :
“The debtor of a debt, which hears interest or produces rents, can not, without the consent ,of the creditor, impute to the reduction of the capital any payment he may make, when there is interest or rent due.
“Every payment which does not extinguish both the principal and the interest, must be imputed first to the payment of the interest.”
LSA-C.C. art. 2165 provides:
“When the debtor of several debts has accepted a receipt, by which the creditor has imputed what he has received to one of the debts specially, the debtor can no longer require the imputation to be made to a different debt, unless there have been fraud or surprise on the part of the creditor.”
LSA-C.C. art. 2166 provides :
“When the receipt bears no imputation, the payment must be imputed to the debt, which the debtor had at the time most interest in discharging, of those that are equally due; otherwise to the debt which has fallen due, though less burdensome than those which are not yet payable.
“If the debts be of a like nature, the imputation is made to the debt which has been longest due; if all things are equal, it is made proportionally.”